**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector ALVAREZ–CEDILLO,
Defendant–Appellant.**

**No. 05–51133
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Hector Alvarez–Cedillo appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. Alvarez–Cedillo contends that the district court failed to properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to meet § 3553(a)'s objectives. After considering the § 3553(a) factors, the district court sentenced Alvarez–Cedillo to a 52–month term of imprisonment, which was within the properly calculated advisory range under the Sentencing Guidelines. Alvarez–Cedillo's sentence is presumptively reasonable, and he has failed to rebut that presumption. *United States v. Alonzo,* 435 F.3d 551, 554–55 (5th Cir.2006). Alvarez–Cedillo preserves for further review his argument that the presumption of reasonableness is contrary to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Alvarez–Cedillo also argues, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that his sentence exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Alvarez–Cedillo's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Alvarez–Cedillo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.